# Dornin's Estate.

*Wills—Testamentary capacity—Undue .influence—Validity—Issue devisavit vel non—Refusal.*

An order refusing an issue devisavit vel non asked for on the ground of testamentary incapacity and undue influence will be affirmed where there is a finding supported by evidence that at the time of the execution of the will and codicil testator was of dis-

posing mind, memory and understanding, and that his mind was not
restrained by any undue influence.

Argued Oct. 25, 1916.    Appeal, No. 89, Oct. T., 1916,
by Samuel J. Dornin and William J. Dornin, from decree
of O. C. Westmoreland Co., Aug. T., 1914, No. 150, refus-
ing issue devisavit vel non in Estate of William Dornin,
Deceased.    Before BROWN, C. J., MESTREZAT, MOSCH-
ZISKER, FRAZER and WALLING, JJ.    Affirmed.

Appeal from decree of register admitting will to pro-
bate.    Before COPELAND, P. J.

The opinion of the Supreme Court states the case.

The Orphans' Court affirmed a decree of the register
of wills refusing the issue.    Samuel J. Dornin and Wil-
liam J. Dornin appealed.

*Error assigned,* among others, was the decree of the
court.

*Denis Æ. Behen,* with him *J. D. Hern* and *Z. T. Silvis,*
for appellants.

*H. E. Marker,* with him *C. B. Hollingsworth, R. E.
Best* and *Wm. S. Rial,* for appellee.

PER CURIAM, January 8, 1917:

The proceeding in the court below was an appeal from
the decree of the register admitting to probate a paper
purporting to be the last will and testament of William
Dornin, deceased, and a codicil thereto.    Two grounds
were alleged for the appeal: (1), The decedent at the
time of the execution of the will and codicil did not pos-
sess testamentary capacity; and (2), their execution
was procured by and through undue and unlawful in-
fluences, acts and deceit of a daughter of decedent and her
confederates.    The appeal was dismissed by the Orphans'
Court, and the appeal of appellants from its action is

dismissed, at their costs, on the following from its opinion refusing to award an issue: "We have examined the testimony from beginning to end and are unable to find anything therein that would warrant us in finding as a fact, that, at the time the decedent executed both the will and the codicil, he was not of disposing mind, memory and understanding; and, therefore, we safely can dismiss the first reason assigned for the setting aside of the will and find as a fact that the testator, at the time he executed both will and codicil, was of disposing mind, memory and understanding.   Indeed, we may add, the bare presumption of the law that the testator was of testamentary capacity has not been overthrown by any evidence offered on the part of the contestants......Looking at this testimony as a whole, and taking into consideration every offer of testimony on the part of the contestants that was excluded and every objection on the part of the contestants to the testimony that was admitted, we clearly are of the opinion that, at the time the testator executed the codicil and his will, his mind was not restrained by any influence upon the part of Catherine Haveronick or anyone else, and we so find as a fact."